NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2301
_____


FRANCISCO BARILLAS;
BLANCA AMANDA BARILLAS,
Petitioners

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent


_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(BIA-1: A070-582-696 & A070-582-697)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 2, 2019

Before: CHAGARES, HARDIMAN, and SILER, JR.* *Circuit Judges*.

(Filed: April 11, 2019)

_____

* Honorable Eugene Edward Siler, Jr., Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

_____

OPINION[**]

_____

HARDIMAN, *Circuit Judge*.

Francisco and Blanca Amanda Barillas seek review of an order of the Board of Immigration Appeals denying their untimely and number-barred motion to reopen. Because the Barillas did not establish materially changed conditions in their home country of Guatemala, we will deny their petition.

We have jurisdiction to consider this petition for review under 8 U.S.C. § 1252(a)(1). *See Fei Yan Zhu v. Att'y Gen.*, 744 F.3d 268, 271 (3d Cir. 2014). Motions to reopen are disfavored and will be "granted only under compelling circumstances." *Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir. 2004), *as amended* (Dec. 3, 2004). Petitioners may file only one motion to reopen, 8 U.S.C. § 1229a(c)(7)(A), and they must do so "within 90 days of the date of entry of a final administrative order of removal." *Id*. § 1229a(c)(7)(C)(i). Those time and number requirements do not apply, however, if petitioners can show materially changed circumstances in their country of nationality and prima facie eligibility for relief. *See* 8 C.F.R. § 1003.2(c)(2); *Shardar v. Att'y Gen.*, 503 F.3d 308, 313 (3d Cir. 2007).

In their petition, the Barillas make only one argument about materially changed circumstances in Guatemala. They contend that the BIA failed to define a "material"

_____

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

change in country conditions under 8 C.F.R. § 1003.2(c)(3)(ii). And they criticize the BIA for offering "no legal standard" for "what constitutes a *sufficient* change in country conditions or a meaningful comparison between those conditions." Barillas Br. 11–12; *see* Reply Br. 3–5. The upshot is that the BIA violated their procedural due process rights.

We disagree. To satisfy due process, the BIA need only show that it made an "individualized determination" about the Barillas' case. *Kamara v. Att'y Gen.*, 420 F.3d 202, 211 (3d Cir. 2005) (quoting *Abdulai v. Ashcroft*, 239 F.3d 542, 550 (3d Cir. 2001)). In *Kamara*, we upheld a BIA decision when the Board described the petition for relief, procedural posture of the case, relevant statutes and regulations, and basis for the immigration judge's decision. *See id.* at 212.

The same is true here. The BIA detailed the Barillas' claim that Guatemalan gangs and drug cartels have become more dangerous. It outlined the case's procedural history. It cited the statutes and regulations governing changes in country conditions (and motions to reopen more generally). And after summarizing the evidence, the BIA concluded the Barillas had offered "no meaningful comparison between the current country conditions and those at the time of their previous hearing." A.R. 4.

Our review of the record supports the BIA's conclusion. A determination of whether country conditions have changed necessarily involves a comparison between current conditions and those existing at the time of the merits hearing before the Immigration Judge. *See Fei Yan Zhu*, 744 F.3d at 278. In this case, that means comparing Guatemala's conditions in 2000 with those in 2018. A.R. 3, 512. But as the BIA noted,

3

nothing submitted by the Barillas makes this comparison. At most, the record includes allegations of increased violence from 2009 to 2017, A.R. 83–84, and the tabling of an anti-disappearance law from 2006 to 2016, A.R. 116. These allegations, while serious, do nothing *to compare* "current country conditions and those at the time of [the Barillas'] previous hearing." A.R. 4. We thus have "sufficient indicia" that the BIA made an individualized determination of the Barillas' case and gave them all the process they were due. *Kamara*, 420 F.3d at 211 (quoting *Abdulai*, 239 F.3d at 550).

Having found no error in the BIA's determination that the Barillas failed to show changed circumstances in Guatemala, we have no need to consider their arguments regarding their prima facie eligibility for asylum, withholding of removal, or relief under the Convention Against Torture.

We will deny the petition for review.